UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RESTORAPET, INC.
220 Girard St., Suite J
Gaithersburg, MD 20877

        Plaintiff,

   v.

RESTORACBD, LLC
1205 N. Garfield St.
Apt. 103
Arlington, Virginia 22201

SERVE ON:
Lee Smith
1627A Connecticut Ave., NW
Washington, District of Columbia 20009

        Defendant.

Civil Action No. _____

Complaint for Trademark Infringement

## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND DAMAGES

Plaintiff, RestoraPet, Inc. (hereinafter "RestoraPet"), by and through its undersigned counsel, brings this Complaint against Defendant RestoraCBD, LLC ("RCBD"), and alleges as follows.

### NATURE OF THE ACTION

This is an action for federal trademark infringement and unfair competition for Defendant's violations of Sections 32 and 43(a) of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), respectively, and Defendant's violations of RestoraPet's common law rights. Plaintiff seeks injunctive relief as well as other equitable relief and compensatory and

punitive damages arising from Defendant RCBD's willful, unlawful, intentional, unfair, and misleading conduct.

## PARTIES

1.      RestoraPet is a Delaware corporation having a principal business address at 220 Girard St., Suite J, Gaithersburg, MD 20877.

2.      Upon information and belief, RestoraCBD, LLC is a Virginia LLC, having a principal business address at 1627 Connecticut Avenue NW, Unit A, Washington, DC 20009.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1367, 1331 and 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in that this action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

4.      This Court also has subject matter jurisdiction over the common law claims of unfair competition averred herein pursuant to the provisions of 28 U.S.C. § 1338(b) in that the claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1125(b).

5.      This Court has personal jurisdiction over Defendant RCBD because Defendant RCBD has a principal place of business within this District, and Defendant RCBD further sells its goods under the offending RESTORA mark within this District.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

1.      RestoraPet is the owner of federal trademark Registration No. 4770427 for the mark RESTORAPET for dietary and nutritional supplements for pets, filed October 16, 2014, and registered July 7, 2015.

2.      RestoraPet has been using the mark RESTORAPET consistently and pervasively in interstate commerce with the sale of dietary, nutritional and wellness supplements for pets since at least as early as November 15, 2014, and has sold such products in this District.

3.      Among the products sold by RestoraPet is RESTORAPET HEMP.   The RESTORAPET HEMP product contains hemp.  It also contains cannabidiol, which is commonly referred to as "CBD."

4.      RestoraPet has been using the mark RESTORAPET HEMP consistently and pervasively in interstate commerce with the sale of dietary and nutritional supplements for pets since at least as early as May 31, 2018, and has sold such products in this District.

5.      RestoraPet uses the RESTORAPET trademark in connection with the services of providing online sale of products through its website www.restorapet.com.  RestoraPet has sold products from the website to consumers in this District.

6.      RestoraPet sells its products through physical retail locations in ten states throughout the United States.

7.      The RESTORAPET products are designed to improve wellness for companion animals, including reducing anxiety, reducing inflammation, improving the condition of the skin and coat, and providing overall nutritional support.

8.      Defendant RCBD sells ingestible CBD products, including gummies, capsules and oils, bearing the RESTORA trademark. Defendant RCBD touts its products by stating that "Restora products are made with some of the best regulated hemp in the USA making them comparable to only to the best-selling brands on the market."

9.      Defendant RCBD operates a single retail location located at 1627 Connecticut Avenue NW, Unit A, Washington, DC 20009, using the name RESTORA (the "DC Store").

10.     Defendant RCBD uses the RESTORA trademark in connection with the services of providing online sale of products through its website www.restoracbd.com.  The Defendant RCBD website has a section specifically for pets. On information and belief, Defendant RCBD has sold products from the website to consumers in this District.

11.     On information and belief, Defendant RCBD began offering its branded products, operating its retail location and offering products through its website in July 2019.

12.     Defendant RCBD's domain name for its website was first purchased by Defendant RCBD on January 23, 2019.  Defendant RCBD's Facebook page was created on July 27, 2019. The first post on its Facebook page was August 2, 2019.

13.     Defendant RCBD sells products in the DC Store and through its website for both human and pet consumption.  Some of those items bear the RESTORA brand; some of those items bear the brands of third parties.  Defendant RCBD's DC Store has a separate section identified as products for pets.  Products sold by Defendant RCBD -- both its own brand and third party brands -- are intended to reduce anxiety, reduce inflammation, improve the condition of the skin and coat, and provide overall nutritional support.

14.     In the DC Store, Defendant RCBD tells customers that the products with the RESTORA brand are suitable for pets, even though the products are not specifically sold from the shelving in the area of the store where other pet products are sold.

15.     Consumers have contacted RestoraPet mistakenly believing that Defendant RCBD is connected with RestoraPet.  These instances of actual confusion have occurred with multiple consumers, the most recent occurrence being that a consumer sent to RestoraPet an email saying that her dog is "a fan of your products," and the accompanying picture showed her dog in Defendant RCBD's DC Store.

4

16.    Products sold on the Defendant RCBD website include a pet balm for which the narrative states: "treat your pets to the same relaxing effects you enjoy."  The edible dog treats' narrative on the CBD Website states the products provide dogs with a "multitude of health benefits" and "medicinal benefits."

17.    On its Facebook page, Defendant RCBD touts CBD for pets and its RESTORA-branded product on adjacent posts, as shown on Exhibit A attached.

18.    On October 3, 2019, RestoraPet, through its attorney, sent a demand letter to Defendant RCBD notifying Defendant RCBD that it was infringing upon RestoraPet's trademark and demanding Defendant RCBD cease and desist from selling products to pets under the RESTORA brand among other requests (the "October Demand Letter").  The October Demand Letter was signed for at Defendant RCBD's location by "S. Ruth" at 10:12 am on October 4, 2019. The October Demand Letter requested a response from Defendant RCBD.  Defendant RCBD has never responded.

19.    On November 26, 2019, RestoraPet sent a second demand letter to Defendant RCBD, reiterating its demands and enclosing the October Demand Letter (the "November Demand Letter").  The November Demand Letter was delivered and signed for by "A. Wood" at 10:12 am on Friday, November 29, 2019.  The November Demand Letter requested a response from Defendant RCBD.  Defendant RCBD has never responded.

20.    Since the date Defendant RCBD received RestoraPet's October Demand Letter, Defendant RCBD has not reduced or eliminated its sale of pet products in its store or online. Specifically, Defendant RCBD continues to offer for sale to the public (a) its CBD products sold under its RESTORA brand with suggestions that the products are usable by pets and (b) third party CBD products manufactured and sold specifically for use by pets.  Even after Defendant RCBD

received the October Demand Letter which specifically put Defendant RCBD on notice of RestoraPet's claims, (a) salespeople at the Defendant RCBD store were informing customers that the RESTORA brand products were suitable for pets, and (b) the Defendant RCBD website continued to sell third party pet products, as did the retail store.

21.     Even after Defendant RCBD received the November Demand Letter in which RestoraPet again notified Defendant RCBD that Defendant RCBD was infringing RestoraPet's trademarks, salespeople at the retail location advised customers that Defendant RCBD is working on creating its own pet products, and that the RESTORA-branded "human" products in the store are "dog-safe."  At times after receiving the November Demand Letter, Defendant RCBD was still selling third party pet products in its store and online.

22.     Defendant RCBD sells RESTORA brand products to customers for use by their pets.

23.     Even after receiving two demand letters, Defendant RCBD has not stopped selling pet products, and has shown its intent to increase its pet offerings by telling customers it is working on its own brand of pet products.

24.     The goods and services on which RestoraPet uses and has a registration for its marks are identical or essentially identical to the goods and services on which Defendant RCBD uses its marks in that both are selling online, under a trademark using the "Restora" brand, to help pets ease pain and to have pets feel better and calmer.

25.     The marks used by RestoraPet and Defendant RCBD are nearly identical, in that the first part and dominant part of RESTORAPET is identical to RESTORA.  The dominant portions are identical, and the marks are similar in appearance, pronunciation, connotation and overall commercial impression.

6

26.     The goods and services of each party are offered in the same channels of trade and to the same types of consumers and pet owners.

27.     RestoraPet's first use of RESTORAPET and registration predates Defendant RCBD's use of RESTORA.

28.     Defendant RCBD does not have a license from RestoraPet to use the RESTORA trademark.

29.     Defendant RCBD is willfully infringing on RestoraPet's trademarks, by continuing to sell and promote the Defendant RCBD pet products after RestoraPet's notice letters of October and November 2019 in which RestoraPet notified Defendant RCBD of its infringing activities. Defendant RCBD's similar mark, for use with identical goods and services and in the same channels of trade, has caused actual confusion, and is further likely to cause confusion, or to cause mistake, or to deceive as compared with RestoraPet's registered RESTORAPET marks. RestoraPet has been and is therefore likely to continue be damaged by Defendant RCBD's use of its RESTORA mark for its products, retail store services and online sales.

## FIRST CAUSE OF ACTION
## (FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114)

30.     RestoraPet incorporates by reference each and every allegation set forth in the preceding paragraphs as if the same were fully set forth herein.

31.     Defendant RCBD currently uses, and has in the past used, in commerce, including but not limited to use on Defendant RCBD's products, website and DC Store, the term RESTORA as a trademark designation to indicate the source of the goods and services provided by Defendant RCBD.

32.     The term RESTORA as used in commerce by Defendant RCBD is very similar to and likely to be confused with the mark covered by RestoraPet's trademark registration for RESTORAPET.

33.     Defendant RCBD uses the term RESTORA in commerce in connection with the sale, offering for sale, distribution or advertising of goods and services that are substantially identical to the goods recited in RestoraPet's trademark registration.

34.     Defendant RCBD's use of the term RESTORA in commerce in connection with the sale, offering for sale, distribution or advertising of goods and services has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive consumers or potential consumers as to the origins of the goods and services offered under this designation and/or as to the affiliation, connection or association of Defendant RCBD with RestoraPet in violation of 15 U.S.C. §1114.

35.     Defendant RCBD's use of the term RESTORA in commerce in connection with the sale, offering for sale, distribution or advertising goods and services constitutes federal trademark infringement of the RESTORAPET trademark.

36.     As a result of Defendant RCBD's infringement of at least U.S. Trademark Registration No. 4770427, RestoraPet has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate RestoraPet for Defendant RCBD's infringement.

37.     Defendant RCBD has committed these acts of infringement without license or authorization from RestoraPet.

38.     All infringing activities taken by Defendant RCBD since at least October 2019 are willful since on that date, RestoraPet put Defendant RCBD on notice that it was infringing RestoraPet's trademarks.  Unless and until enjoined by this Court, Defendant RCBD's trademark

infringement will continue unabated and continue to injure RestoraPet, for which injuries RestoraPet has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Unfair Competition – 15 U.S.C. § 1125(a))

39.     RestoraPet incorporates by reference each and every allegation set forth in the preceding paragraphs as if the same were fully set forth herein.

40.     The RESTORAPET trademark has become uniquely associated with RestoraPet and RestoraPet's goods and services, and the public identifies RestoraPet as the source of services offered under the RESTORAPET trademark.

41.     Defendant RCBD has marketed and continues to market and offer for sale its own goods and services under a trademark identical or substantially similar to the RESTORAPET trademark.  Defendant RCBD's actions in doing so have enabled Defendant RCBD to trade off of the goodwill and reputation that RestoraPet has established in the RESTORAPET trademark.

42.     Defendant RCBD's use of the term RESTORA in its store name, as branding of its website, in advertising in connection with the marketing, sale, offering for sale, distribution, and advertising of competing products and services creates a false designation of origin, and constitutes false or misleading representations of fact, and has caused and is likely to continue to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant RCBD with RestoraPet, or as to the origin, sponsorship, or approval of Defendant RCBD's goods, services, and commercial activities by RestoraPet in violation of 15 U.S.C. § 1125(a)(1)(A).

43.     Such confusion, mistake and deception will irreparably harm RestoraPet's reputation and goodwill.  RestoraPet has no control over the quality or sale of Defendant RCBD's

goods or services.  Defendant RCBD's reckless disregard of RestoraPet's rights is contrary to the public interest and harmful to the reputation associated with RestoraPet's goods and services.

44.     Defendant RCBD's acts as described herein were committed knowingly, willfully, intentionally, and deliberately and without the authorization or approval of RestoraPet, and RestoraPet is thereby entitled to recover additional damages and reasonable attorneys' fees pursuant to 25 U.S.C. § 1117.

45.     Unless and until enjoined by this Court, Defendant RCBD's unfair competition will continue unabated and continue to injure RestoraPet, for which injuries RestoraPet has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RestoraPet, Inc. requests that the Court:

A.      Grant a Preliminary and Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant RCBD and its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from directly or indirectly using or displaying the RESTORA trademark or any mark similar to RESTORAPET in connection with any products, and/or pet products, as the brand of the product or the brand of the store, website or other service of selling products;

B.      Grant a Preliminary and Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant RCBD and its agents, servants, affiliates, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from engaging in any conduct that is likely to cause confusion, deception, or mistake, or to injure RestoraPet's business reputation or to

dilute the distinctive quality associated with the RESTORAPET trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C.      Order, pursuant to 15 U.S.C. § 1118, that all products, labels, signs, prints, pamphlets, wrappers, receptacles, banners, advertisements, goods, printed pages, and counterfeits or colorable imitations of the RESTORAPET trademark, including the RESTORA mark in the possession of Defendant RCBD or its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, shall be delivered up and destroyed and that all uses of any of the RESTORA as a store and/or on any webpages or other ecommerce channels of commerce owned or controlled by Defendant RCBD, in connection with any products or service, and/or pet products or related services, be taken down;

D.      Order Defendant RCBD to account to and pay over to RestoraPet all damages sustained by RestoraPet by reason of said acts of trademark infringement and unfair competition complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b) as a result of Defendant RCBD's willful violations of 15 U.S.C. § 1125(a);

E.      Award punitive and exemplary damages against Defendant RCBD and in favor of RestoraPet by reason of Defendant RCBD's intentional, deliberate, fraudulent, malicious and willful conduct;

F.      Order Defendant RCBD to pay to RestoraPet the costs of this action, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a); and

G.      Grant such other and further relief as the Court deems just in the circumstances.

11

Respectfully submitted,

Date:  February 5, 2020

              /s/  George F. Ritchie
George F. Ritchie (Bar No. MD22408)
Gordon Feinblatt LLC
233 E. Redwood Street
Baltimore, MD  21202
gritchie@gfrlaw.com
Tel:    410-576-4131
Fax:    410-576-4246

*Attorneys for Plaintiff RestoraPet, Inc.*

12